UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMES L. MARINE and MARGIE MARINE, individually and as parents of ALONZO HEYWARD, deceased, and on behalf of wrongful death beneficiaries of ALONZO HEYWARD, deceased, NEKA WELLS, as mother and next friend of A.H. and A.H., JR. and TANISHA JOHNSON, as mother and next friend of A.H., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHATTANOOGA, TENNESSEE, et al., <br><br> Defendants. | Civil Case No. 1:09-CV-219 <br><br> Chief Judge Curtis L. Collier |

## MEMORANDUM

Before the Court is a motion to dismiss filed by Defendants City of Chattanooga and Chattanooga Police Department [1](Court File No. 8) and an accompanying memorandum (Court File No. 9). This motion to dismiss was subsequently joined by Defendants Lauren Bacha, Deborah Dennison, Zachery Moody, George Romero, William Salyers, and Bryan Wood (Court File No. 13). Plaintiffs filed a response to these motions (Court File No. 16). For the following reasons, Defendants' motions to dismiss (Court File Nos. 8, 13) will be **GRANTED IN PART** as to Plaintiffs James L. Marine and Margie Marine in their individual and representative capacities, and **DENIED IN PART** as to Plaintiffs A.H. and A.H., Jr. by next friend Neka Wells, and Plaintiff A.H.,

---

[1] The Chattanooga Police Department is simply a part of the City of Chattanooga and as such is not an entity capable of being sued. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (police departments are not legal entities which may be sued).

by next friend Tanisha Johnson.

## I. FACTS

This action arises out of the death of Alonzo Heyward ("Heyward") on July 18, 2009. Facts are taken from Plaintiffs' complaint and are accepted as true for the purposes of this motion. Plaintiffs allege Heyward was in possession of a rifle and was threatening to commit suicide in the presence of friends and family members. Officers of the Chattanooga Police Department ("Chattanooga Police Department") received a call advising them Heyward had a weapon and officers responded to the call. When the officers arrived, Heyward was on the porch of his home with the rifle pointed at his head.

Plaintiffs assert claims against the City of Chattanooga, the Chattanooga Police Department, and Officers Lauren Bacha, Deborah Dennison, Zachery Moody, George Romero, William Salyers, and Bryan Wood in both their individual and official capacities (collectively "Defendants"). In their complaint, Plaintiffs seek relief pursuant to 42 U.S.C. §§ 1983 and 1988. Plaintiffs also allege state law claims of negligence, negligent supervision, violation of equal protection under the law, and unreasonable search and seizure. Plaintiffs seek damages for the wrongful death of Heyward including pain and suffering, loss of enjoyment of life, loss of wages, loss of consortium, and all damages to which Plaintiffs may be entitled under the Tennessee Wrongful Death Act, Tenn. Code Ann. §§ 20-5-106 to -113.

## II. STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the

2

complaint in the light most favorable to the plaintiff, accept the complaint's factual allegations as true, *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007), and determine whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), but that statement must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

**III. DISCUSSION**

Defendants filed a motion to dismiss all claims by James L. Marine and Margie Marine, individually, and as parents of Heyward, as they fail to state a claim upon which relief can be granted. Defendants' position is all Plaintiffs lack standing for any violations of Heyward's civil rights as none of them is the personal representative of the deceased. Further, Defendants contend the parents of Heyward, James L. Marine and Margie Marine, do not have standing under

3

Tennessee's wrongful death statute to bring a claim since Heyward had surviving children. Defendants also argue any loss of consortium claims of the Plaintiffs do not constitute new and separate causes of action, rather the personal representative of the decedent or Heyward's children are the only proper plaintiffs in this cause of action. Defendants move to dismiss all claims and contend this action should be re-filed by an appropriate party in interest.

The Court will address each of Defendants' arguments in turn.

### A.     Section 1983 and Wrongful Death Claims

An action under 42 U.S.C. § 1983 is granted to "the party injured" and is "personal to the injured party." *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984). However, the Supreme Court has recognized federal law is unclear on survival of § 1983 actions upon the death of an allegedly injured individual. *Robertson v. Wegmann*, 436 U.S. 584 at 588-89 (1978). Therefore, the Court must use the applicable survivorship rule for civil actions of the state where the action is brought. 42 U.S.C. § 1988(a); *Jaco*, 739 F.2d at 241.

In Tennessee, the survivorship statute provides no "right of action . . . based on the wrongful act or omission of another . . . be abated by the death of the party wronged; but the right of action shall pass in like manner as the right of action described in § 20-5-106." Tenn. Code Ann. § 20-5-102. This right of action "shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; or to the person's personal representative, for the benefit of the person's surviving spouse or next of kin." Tenn. Code Ann. § 20-5-106 (a). Similarly, Tenn Code Ann. § 20-5-107(a) provides that a wrongful death action may be instituted by the "personal representative of the deceased or by the surviving spouse . . . or, if there is no surviving spouse, by the children of the deceased or by the next of kin."

4

Under both the survivorship and wrongful death statutes, "[i]f there is no surviving spouse the children of the deceased have priority to bring the action as the next of kin." *Foster v. Jeffers*, 813 S.W.2d 449, 451 (Tenn. Ct. App. 1991). It being undisputed Heyward did not leave a widow, his children would possess jointly the right of action for the wrongful death of their father based on the priorities outlined in the statutes. *See, e.g. House v. Gibson*, 827 S.W.2d 310, 311 (Tenn. Ct. App. 1991) ("since here, the spouse is excluded, we must look to the next in line under T.C.A. § 20-5-106, i.e., to the children, and if none then to the next of kin."); *In re Estate of Dobbins*, 987 S.W.2d 30, 36 (Tenn. Ct. App. 1998) (applying § 20-5-107 and determining parents as "next of kin" have the sole right to pursue cause of action over the grandparents as the "wrongful death statutes taken together set forth the priorities among persons entitled" to bring an action); *Williams v. Baxter*, 536 F. Supp. 13, 16-17 (E.D. Tenn. 1981) (dismissing the civil rights action as two of the three surviving children were indispensable and their joinder was required under Rule 19(a)).

Based on Tennessee law, in the absence of a surviving spouse, the appropriate plaintiffs for violations of Heyward's civil rights are his children.[2] Because the survivorship law applicable to Heyward's § 1983 claim incorporates the same priority system for bringing an action as Tennessee's wrongful death statute, the same plaintiffs would be appropriate for the state law wrongful death claims. Accordingly, Plaintiffs James and Margie Marine's claims for violation of their son's civil rights and state law claims for wrongful death fail to state a claim upon which relief should be granted and should therefore be dismissed. Heyward's children are the appropriate plaintiffs to assert both claims of civil rights violations and for wrongful death under the Tennessee statutory

---

[2] These actions may also be instituted by the personal representative of the deceased, however, none of the parties before the Court has asserted he or she is acting in this capacity.

5

scheme.

There is no indication in either the complaint or the caption of the case that Neka Wells or Tanisha Johnson are pursuing claims on an individual basis. Therefore, the Court construes these plaintiffs to be appearing solely in the capacity of next friend to Heyward's minor children. A next friend, is one who, without being a regularly appointed guardian, brings an action on behalf of an infant. Tenn. R. Civ. P. 17.03. The next friend is a volunteer who is willing to protect the interests of a person with a legal disability, be liable for the costs of the action, and carry out the orders of the court. *Williams v. Gaither*, 202 S.W. 917, 918 (Tenn. 1918). The next friend is not a party to the action but plays a role similar to that of a guardian. *Id.*; *Cummings v. Patterson*, 388 S.W.2d 157, 166 (Tenn. Ct. App. 1964). A minor may sue by a next friend if he does not have a duly appointed representative. Fed. R. Civ. P. 17(c)(2). Here, the minor children of Heyward are appropriately represented by their mothers, Neka Wells and Tanisha Johnson, in their capacity as next friend. Accordingly, Defendants' motions to dismiss Plaintiffs Neka Wells and Tanisha Johnson in their capacity of next friend will be denied.

### B. Loss of Consortium

Heyward's minor children would be the appropriate parties to pursue damages stemming from loss of consortium. Tennessee allows for loss of consortium claims as an element of an action for wrongful death and does not provide a separate cause of action for loss of consortium. *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 601 (Tenn. 1999). Loss of consortium is "one component" of a wrongful death action. *Kline* ex rel. *Kline v. Eyrich*, 69 S.W.3d 197, 207–08 (Tenn. 2002). Damages recoverable in a wrongful death action are governed by Tenn. Code. Ann. § 20-5-113, providing that when a person's death is caused by the wrongful act, fault or omission

6

and suit is brought for damages under §§ 20-5-106 and 20-5-107, the party suing shall be entitled to damages resulting to the deceased from personal injuries and also damages resulting to the parties for whose use and benefit the right of action survives. The Tennessee Supreme Court has interpreted this statute as giving rise to a single cause of action under which two types of damages may be recovered. *Alexander v. Beale Street Blues Co., Inc.*, 108 F. Supp. 2d 934, 951(W.D. Tenn. 1999).

> The first type of damage involves actual damages to the deceased, which include damages for his or her pain and suffering, medical expenses and funeral costs. The second type of damage involves the pecuniary value of the life of the deceased. Pecuniary value is to be determined upon a consideration of his expectancy of life, his age, condition of health and strength, capacity for labor, and for earning money through skill in any art, trade, profession, occupation, or business and his personal habits as to sobriety and industry.

*Id.* (internal citations omitted). In *Alexander*, the court found the Tennessee statutory scheme gave rise to only a single cause of action placed in the representative of the decedent. The Tennessee Supreme Court in *Jordan*, held that the pecuniary value of decedent's life included damages for loss of consortium. 984 S.W.2d at 601-02.

Here, the state claims brought by Heyward's family asserting loss of consortium arose from the same set of facts giving rise to the § 1983 claim. Heyward's children are the appropriate plaintiffs to pursue the § 1983 claim as well as any wrongful death action as discussed above. Any loss of consortium damages would be included within the pecuniary value of the life of the decedent under *Jordan* and would necessarily be encompassed within the wrongful death action. Accordingly, the Court concludes Heyward's minor children are the appropriate plaintiffs to remain in the litigation. Therefore, Plaintiffs James and Margie Marine would not be entitled to pursue loss of consortium claims and both plaintiffs should be dismissed as failing to state any claim upon which

7

relief can be granted.

## IV. CONCLUSION

Tennessee law provides the statutory scheme for wrongful death and survival actions under § 1983. Under this authority, Heyward's minor children are entitled to maintain an action on behalf of Heyward for civil rights violations as well as for wrongful death. James and Margie Marine, as parents of the decedent, do not have a statutory basis to pursue such claims as the rightful plaintiffs are the decedent's minor children. Any recovery for loss of consortium would be included within a wrongful death action and should be pursued by Heyward's children, the rightful plaintiffs under Tennessee law. Accordingly, Defendants' motions to dismiss (Court File Nos. 8, 13) will be **GRANTED IN PART** as to Plaintiffs James L. Marine and Margie Marine and **DENIED IN PART** as to Plaintiffs A.H. and A.H., Jr., by next friend Neka Wells and A.H., by next friend Tanisha Johnson.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**